UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

EARTON SMTIH                                  CIVIL ACTION NO. 19-1053-P

VERSUS                                       JUDGE FOOTE

JOHN SCHUYLER MARVIN              MAGISTRATE JUDGE HORNSBY

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

STATEMENT OF CLAIM

Before the court is a civil action filed in forma pauperis by pro se plaintiff Earton Smith, ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this court on August 5, 2019.  Plaintiff is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.  He names District Attorney John Schuyler Marvin ("Marvin") as defendant.

Plaintiff claims that on November 29, 2007, he was convicted of aggravated burglary and possession of a firearm by a convicted felon.  He claims that on November 20, 2008, the State filed a habitual offender bill against him.  Plaintiff claims that on July 21, 2009, he was adjudicated a third felony offender.  He claims that on November 6, 2009, his original sentence was vacated, and he was sentenced to a mandatory life sentence at hard labor.

Plaintiff claims Marvin denied him due process during the post-conviction relief process.  Plaintiff claims that on July 26, 2017, he filed an application for post-conviction relief pursuant to La. C.Cr.P. art. 930.8(A)(1).  He claims his application was predicated on a fact not known to him or his attorney at trial and therefore was an exception to the prescriptive period.

Plaintiff claims that on September 25, 2017, Marvin filed procedural objections in response to his application for post-conviction relief.  He claims Marvin argued that his application failed to comply with the requirements provided in La. C.Cr.P. art. 930.3 and that the two affidavits dated July 29, 2006 by Officer John Morton were provided to him in the State's discovery response in state court.

He claims that on October 23, 2017, the trial court denied his application as repetitive and untimely.  Plaintiff claims that on April 5, 2018, the Louisiana Second Circuit Court of Appeals denied his application for writ of review.  He claims that on March 25, 2019, the Supreme Court of Louisiana denied his application for writ of review.

Plaintiff claims that he does not challenge the conduct of the prosecutor or the decisions of the Louisiana state courts.  He claims he is challenging Louisiana's post-conviction exceptions to the time period set forth in La. C.Cr.P. art 930.8(A)(1) as construed by the Louisiana state courts.

Accordingly, Plaintiff seeks injunctive relief ordering Defendant to conduct evidentiary hearings to determine if the two affidavits dated July 29, 2006 and the Bossier City Police Department case file rest on facts not known to him and his attorney and any other relief to which he is entitled.

## LAW AND ANALYSIS

Plaintiff filed his complaint as one pursuant to 42 U.S.C. § 1983.  However, he actually seeks a writ of <u>mandamus</u> to order Defendant to conduct evidentiary hearings regarding his application for post-conviction relief.  <u>Mandamus</u> relief is available "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  However, it is well settled that federal courts have no general power to compel action by state officials.  <u>See</u> <u>Davis v. Lansing</u>, 851 F.2d 72, 74 (2d Cir. 1988); <u>Van Sickle v. Holloway</u>, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); <u>Russell v. Knight</u>, 488 F.2d 96, 97 (5th Cir. 1973); <u>Haggard v. State of Tennessee</u>, 421 F. 2d 1384, 1386 (6th Cir. 1970).  Because Defendant is not a federal officer, employee or agency, this court lacks jurisdiction to issue a writ of <u>mandamus</u> to compel them to perform an alleged duty. <u>See</u> 28 U.S.C. § 1361.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and to which the aforementioned party did not object. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED,** in chambers, in Shreveport, Louisiana, this 22nd day of August 2019.

Mark L. Hornsby
U.S. Magistrate Judge